### ROGERS v. STATE. (No. 12642.)

Court of Criminal Appeals of Texas. June 26, 1929.

Rehearing Denied Oct. 23, 1929.

A. T. Stell and McKinney & Berry, all of Cooper, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year.

The substance of the incriminating facts are as follows: Appellant, with two companions, rode in appellant's car from Oklahoma to Delta county. They went to the home of witness Pence, who testified that either the appellant or one of his companions left a half gallon of whisky on his porch, and that they all drank with the exception of one man. They then went to witness Toon's house, and there had a conversation with him, in which one of them stated that he (Toon), if he was ever in Oklahoma, could get whisky at $2.50 per gallon. He likewise took a drink with them. Asked by witness whose whisky it was, either appellant or one of the others answered it is "ours." One of appellant's companions priced whisky to witness at $8 a gallon, and asked him if he wanted to buy some. Thereafter appellant and his two companions were in a pasture, and being visited by witness Jackman, and asked where the bootlegger was, received the answer from one of appellant's companions that "he is around there." He found a half gallon fruit jar within four feet of appellant, and

there laid $3 down on the ground and put a stick on it. He does not know who got this money. All the acts and conversations aforesaid occurred in the immediate presence of appellant. All of them drank twice apiece, according to the witness, out of his jar. Officers found at this same spot 14 one-half gallon jars of whisky about the time or shortly after appellant was seen in the vicinity.

These circumstances were sufficient in our opinion to support the verdict of guilty, and, the sufficiency of the evidence being the only question presented for review, the judgment of the trial court is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

#### On Motion for Rehearing.

HAWKINS, J. Because of appellant's insistence that the evidence does not conform to the demands of the law where the state relies' on circumstantial evidence, we have again carefully examined the statement of facts. No doubt arises in our mind as to the sufficiency of the proof. The circumstances testified to were ample to justify the jury in finding that appellant was a principal with his companions in possessing whisky for the purpose of sale. It was the province of the jury to determine the truth of appellant's testimony; that they gave no credence to it is not surprising in view of the evidence presented by the state.

The motion for rehearing is overruled.